UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY E. HOLZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-437-G |
| | ) |
| TERRY LINSAY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Timothy E. Holz, appearing pro se, initiated this civil action on April 30, 2024. On May 2, 2024, the Court identified deficiencies in Plaintiff's application for leave to proceed *in forma pauperis* and directed him to submit an amended application on or before May 15, 2024. *See* Order of May 2, 2024 (Doc. No. 3). Plaintiff was advised: "Failure to comply with this Order may result in the dismissal of this action without prejudice to re-filing and without further notice." *Id.* at 1-2.

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. *See* Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge*

*Bus. Grp.*, 552 F.3d at 1236; *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014).

As of this date, Plaintiff has not submitted an amended application or his required filing fee, shown good cause for his failure to do so, or otherwise been in contact with the Court. Plaintiff has had "ample time" to ensure compliance but has instead chosen to disregard the Court's Order. *Soeken v. Estep*, 270 F. App'x 734, 736 (10th Cir. 2008). Plaintiff's failure to prosecute this action and to comply with the Court's Order leaves the Court unable "to achieve an orderly and expeditious" resolution of this action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative).

## CONCLUSION

Accordingly, this action is DISMISSED without prejudice.

A separate judgment shall be entered.

IT IS SO ORDERED this 26th day of July, 2024.

_____
CHARLES B. GOODWIN
United States District Judge